IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE E. DASH,

        Plaintiff,                     No. CIV S-07-2482 FCD EFB P

       vs.

FOLSOM STATE PRISON, et al.,

        Defendants.             ORDER

_____/

      Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

////

1

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the reasons explained, finds it does not state a cognizable claim against any defendant.

In the complaint, plaintiff alleges that on or around September 14, 2007, a particular doctor diagnosed him has having a "highly contagious staph" infection. He alleges that prison officials knew that there was a risk of infection based on some sort of notice from the County Health Department in April of 2007, but failed to take reasonable action to prevent the infection from spreading. Plaintiff faults Folsom State Prison and the California Department of Rehabilitation and Corrections. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Neither states nor their agencies are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In order to state a claim that his right to adequate medical care, including the prevention of infection, has been violated, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

Plaintiff's allegations fail to state a claim against a particular defendant. To proceed, plaintiff must file an amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions. Thus, plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

1  A district court must construe pro se pleading "liberally" to determine if it states a claim
2  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
3  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,
4  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on
5  the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*
6  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

7  An amended complaint must be complete in itself without reference to any prior
8  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff
9  files an amended complaint, the original pleading is superseded.

10  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and
11  has evidentiary support for his allegations and that for violation of this rule the court may impose
12  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules
13  require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison
14  authorities for violation of the court's rules and orders.  *See* Cal. Code Regs. tit. 15, § 3005.

15  A prisoner may bring no § 1983 action until he has exhausted such administrative
16  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*
17  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an
18  amended complaint he certifies his claims are warranted by existing law, including the law that
19  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
20  his action.

21  Accordingly, the court hereby orders that:

22  1.  Plaintiff's request to proceed *in forma pauperis* is granted.

23  2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
24  accordance with the notice to the Director of the California Department of Corrections and
25  Rehabilitation filed concurrently herewith.

26  ////

3.  The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:   April 9, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE